# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **L.W., K.W., and R.P.**

**No. 16-1068** (Jackson County 16-JA-20, 16-JA-21, & 16-JA-25)

**FILED**

**June 16, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father T.W., by counsel Ryan M. Ruth, appeals the Circuit Court of Jackson County's October 12, 2016, order terminating his parental rights to L.W., K.W., and R.P.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Erica Brannon Gunn, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying his request for a post-adjudicatory improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2016, the DHHR filed an abuse and neglect petition against petitioner and his girlfriend, B.S.[2] Specifically, the petition alleged that K.W. was born drug-addicted and that B.S. abused drugs during her pregnancy. The petition also alleged that petitioner failed to protect L.W. and K.W. from B.S.'s drug use in the home. An amended petition further alleged that petitioner's own drug abuse affected his ability to properly parent the children and lead to R.P.'s abandonment.

In May of 2016, the circuit court held an adjudicatory hearing wherein petitioner stipulated to the allegations in the petition and the circuit court adjudicated him as an abusing parent. Specifically, petitioner admitted that his substance abuse negatively affected his ability to parent the children, that he failed to protect his children from drug use in the home, and that he attempted to conceal information from the DHHR regarding R.P. Following the adjudicatory

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2] B.S. is the mother of L.W. and K.W.

hearing, petitioner filed a motion for a post-adjudicatory improvement period. Subsequently, a multi-disciplinary team ("MDT") held two meetings wherein the MDT agreed that petitioner should be granted an improvement period with the following conditions: that he enter an in-patient drug rehabilitation treatment program and submit to random drug screening as a prerequisite for visitation with the children.

In August of 2016, the DHHR filed a notice of intent to recommend the termination of petitioner's parental rights. Also in August of 2016, the circuit court held a dispositional hearing wherein it addressed petitioner's motion for a post-adjudicatory improvement period and the DHHR's motion to terminate his parental rights. A DHHR worker testified that, during the pendency of the case, petitioner tested positive for amphetamines, methamphetamines, buprenorphine, and benzodiazepines approximately sixteen times and failed to submit to a drug screen on approximately twenty-five occasions. The worker also testified that, as a result of his missed and positive drug screens, petitioner had not visited with the children. The worker further testified that petitioner failed to attend an in-patient drug rehabilitation treatment program and did not attempt to enroll in such a program until the two-week period prior to the dispositional hearing. Petitioner admitted that he did not enroll in an in-patient drug rehabilitation treatment program and that he used methamphetamines "four to five days" prior to the dispositional hearing. He also admitted that he was "in denial about the extent of his drug usage" and testified that he was working with a parenting coach, attending Narcotics Anonymous meetings, and was on a waiting list for a detoxification program at the Prestera Center. Based on the evidence presented, by order entered on October 12, 2016, the circuit court found that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect, terminated his parental rights to the children, and denied his motion for a post-adjudicatory improvement period.[3] It is from that order that petitioner appeals.[4]

The Court has previously established the following standard of review in a case such as this one:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when,

---

[3]The parental rights of both biological parents of L.W. and K.W. were terminated below. The guardian states that L.W. and K.W. were placed in the home of their paternal grandmother and the permanency plan is adoption into that home. Additionally, petitioner's parental rights to R.P. were terminated below. E.P., the non-offending mother of R.P., retained her parental rights because there were no allegations of abuse and neglect against her. According to the guardian, R.P. currently resides with her non-offending mother with a permanency plan to remain in the home.

[4]On appeal, petitioner does not raise a specific assignment of error regarding the circuit court's termination of his parental rights.

although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review, the Court finds no error in the circuit court's denial of petitioner's motion for a post-adjudicatory improvement period, which is his sole argument on appeal. In support of his argument, petitioner asserts that he established that he was likely to fully participate in an improvement period as evidenced by his acknowledgement that he had a substance abuse problem. Upon our review, however, the Court finds that petitioner failed to satisfy the applicable burden to obtain an improvement period. Regarding whether an improvement period should be granted, we have often noted that the decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re: M.M.*, 236 W.Va. 108, 778 S.E.2d 338 (2015) (stating that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period"); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) (holding that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements").We have also held that a parent's "entitlement to an improvement period is conditioned upon the ability of the [parent] to demonstrate 'by clear and convincing evidence, that [he] is likely to fully participate in the improvement period . . . .'" *In re: Charity H.*, 215 W.Va. 208, 215, 599 S.E.2d 631, 638 (2004).

Here, it is clear from the record that petitioner failed to demonstrate his ability to fully participate in an improvement period. Petitioner has an extensive history of drug abuse. The circuit court was presented with evidence that petitioner continued to abuse drugs throughout the underlying proceedings and failed to enroll in an in-patient drug rehabilitation treatment program. According to the record, petitioner tested positive for amphetamines, methamphetamines, buprenorphine, and benzodiazepines during the underlying proceedings. Petitioner's own testimony that he was abusing drugs just days before the dispositional hearing supports the circuit court's finding that he was unlikely to make a meaningful change with regard to his substance abuse and parenting issues. It is clear from the record that petitioner failed to establish that he was likely to fully participate in a post-adjudicatory improvement period and we find no error in the circuit court denying petitioner's motion. Accordingly, we find no error below.

For the foregoing reasons, we find no error in the decision of the circuit court, and its October 12, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**: June 16, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker